IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

08 CV 02902

| | | |
|---|---|---|
| UNITED PARCEL SERVICE OF AMERICA, INC., | ) ) ) | ECF CASE |
| Plaintiff, | ) ) | |
| | ) | CIVIL ACTION NO. _____ |
| v. | ) ) | |
| SAMUEL Z. BROWN, | ) ) | |
| Defendant. | ) ) | |

RECEIVE
MAR 19 2008
U.S.D.C. S.D N.Y.
CASHIERS

## COMPLAINT

UNITED PARCEL SERVICE OF AMERICA, INC. ("UPS" or "Plaintiff"), by and through its counsel King & Spalding, hereby makes and files this Complaint against defendant Samuel Z. Brown ("Defendant"), and, in support thereof, respectfully shows the Court as follows:

### INTRODUCTION AND NATURE OF ACTION

1.      UPS, the world's largest package distribution and courier company, owns and promotes a family of "Brown" trademarks that singularly and distinctively identify UPS goods, services and businesses. UPS is the owner of the famous mark "Brown." UPS is the owner of the famous slogan "What Can Brown Do For You?" UPS owns federal registrations that confirm its exclusive rights to these and other "Brown" trademarks. The public recognizes and relies upon these trademarks to identify UPS' goods, services and businesses.

2.      Upon information and belief, with prior knowledge of UPS' trademark rights, including prior knowledge of UPS' famous slogan "What Can Brown Do For You?", Defendant Samuel Z. Brown has adopted and is using the designation "See What Brown Can Do For You". Defendant's use of this designation is likely to cause confusion. Alternatively, Defendant's use

of this designation dilutes the distinctive quality of UPS' famous trademarks "Brown" and "What Can Brown Do For You?" Moreover, Defendant has adopted and is using other "Brown" designations that infringe or dilute UPS' famous "Brown" trademarks.

3.     UPS brings this action to protect its "Brown" trademarks from infringement, and to protect its famous trademarks "Brown" and "What Can Brown Do For You?" from dilution. More particularly, this is an action for trademark and service mark infringement under the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1051 et seq., federal unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), dilution under Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c), trademark and service mark infringement and dilution, unfair competition, misappropriation, and deceptive acts and practices under the laws of the States of New York, New Jersey, and Pennsylvania, and common law unfair competition.

## PARTIES

4.     Plaintiff UPS is a Delaware corporation with a principal place of business at 55 Glenlake Parkway, N.E., Atlanta, Georgia 30328. UPS offers and provides goods and services and has offices, in the state of New York.

5.     Upon information and belief, Defendant Samuel Z. Brown is an individual with a place of business at 205 East Kennedy Boulevard, Lakewood, New Jersey 08701. Upon information and belief, Defendant Samuel Z. Brown is doing business as The Law Offices of Samuel Z. Brown and provides legal services in New York, including within this jurisdiction. Upon information and belief, Defendant Samuel Z. Brown either directs or has the ability to direct the business activities of The Law Offices of Samuel Z. Brown.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over the parties to and the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because this case arises under the

Lanham Act. This Court has original and supplemental jurisdiction over the unfair competition claims asserted herein under state statutory and common law pursuant to 28 U.S.C. §§ 1338 and 1367 because those claims are substantial and related to UPS's claims under the Lanham Act, such that they form part of the same case or controversy.

7.     Venue in this Judicial District is proper under 28 U.S.C. § 1391 because Defendant has committed certain of the unlawful acts complained of in this Judicial District and conducts business in this Judicial District and therefore resides and may be found within this Judicial District.

## FACTS GIVING RISE TO THIS ACTION

### The UPS "Brown" Trademarks

8.     UPS was founded in 1907 as the American Messenger Company. In 1919, the American Messenger Company first adopted the name United Parcel Service.

9.     In 1916, Charles Soderstrom, one of UPS's founders, selected Brown as the color for company uniforms and delivery vehicles because the color Brown reflected class, elegance and professionalism. By 1929, the entire company fleet of vehicles was Brown in color.

10.     As the company grew, UPS continued to use the color Brown to portray and project such attributes. UPS continued to paint its ground delivery service fleet in the color Brown. UPS continued to use Brown uniforms. As UPS developed and acquired its own air service fleet, the planes and associated equipment were painted the color Brown. UPS' airplanes became known as "browntails." As UPS would enter another country, that country would become known to UPS as being a "Brown country." The color Brown became a UPS trademark.

11.     UPS has used the color Brown as a trademark in many ways. For example, UPS employs in excess of 80,000 drivers worldwide that wear the famous Brown uniform. UPS continues to use the color Brown with delivery vehicles, and now more than 88,000 package

cars, vans, tractors and motorcycles are provided in the color Brown. UPS has used the color Brown in many advertising and promotional efforts. As a result of such extensive and substantially exclusive use, the public has come to recognize the color Brown as identifying goods and services that originate with UPS, and as identifying businesses that are affiliated or connected with UPS.

12.    UPS has also made extensive use of the word "Brown" as a trademark. Such use has been made in virtually every conceivable media, including print, outdoor, television, radio, electronic and direct mail. This use was so successful that the company has come to be known as "Brown" or "Big Brown." As a result of such extensive and substantially exclusive use, the public has come to recognize the word "Brown" as identifying goods and services that originate with UPS, and as identifying businesses that are affiliated or connected with UPS.

13.    To enhance and further the goodwill created by UPS in the color Brown and the word mark "Brown", UPS has created, adopted and used other "Brown" trademarks. More particularly, in 2002, UPS adopted the slogan "What Can Brown Do For You?" UPS invested approximately $45 million in this first campaign, and use of the slogan was essentially ubiquitous. The slogan "What Can Brown do for you?" was used on radio and television in primetime sports shows, news and entertainment programming including premium programs such as The Academy Awards. The slogan was used in high profile, worldwide events such as the Opening Ceremony of the 2002 Winter Olympic Games. The slogan was used in all media, including print, outdoor, and the Internet. A sample of UPS' prior use of the slogan "What Can Brown Do For You?" is attached as Exhibit A.

14.    Use of the mark "What Can Brown Do For You?" continues today. For example, in UPS' current "Whiteboard" campaign, the slogan is used at the conclusion of television

commercials, in print advertisements, in outdoor presentations and in electronic media, including the Internet. The slogan is used on vehicles, envelopes, packages, stores and with many other goods and services. This slogan has also been used in a variety of other ways, including but not limited to the National Association for Stock Car Auto Racing (NASCAR) and the National Collegiate Athletic Association (NCAA). A sample of a recent use of the mark "What Can Brown Do For You?" is attached as Exhibit B.

15.    UPS has adopted and used yet other "Brown" trademarks. For example, UPS adopted and used the mark "The Amazing Color Brown" for transportation and delivery of personal property. UPS adopted and used the mark "Count on Brown" for, *inter alia*, advertising services, business management services, business consulting services, telecommunications services and transportation services. UPS promotes its goods and services under and in association with its family of "Brown" trademarks. These trademarks reflect not only the strength of the "Brown" family of trademarks, but also use of the "Brown" trademarks with a wide variety of businesses, goods and services.

16.    The "Brown" trademarks are now, and ever since their respective dates of first use have been (a) used in connection with UPS's services of transporting and delivering personal property by diverse modes of transportation and a wide variety of other goods and services, and (b) applied to advertisements, brochures, promotional literature, and other materials in connection with UPS's services. The services offered for sale and sold under the "Brown" trademarks have been extensively advertised and promoted. As a result of the quality of UPS's services, the extensive advertising for such services and UPS's reputation for fair dealing with the trade and the public, the "Brown" trademarks have become well-known with goodwill of

inestimable value to UPS. These marks identify and distinguish UPS's goods, services and businesses from those of others.

17.    Two of the "Brown" trademarks, the mark "Brown" and the slogan "What Can Brown Do For You?" have achieved exceptional recognition and good will. In fact, as a result of their extensive and exclusive use by UPS, these marks have become famous source indicators and are entitled to the broadest scope of protection.

18.    The promotion of UPS goods, services and businesses under and in association with these "Brown" trademarks has been remarkably successful. UPS has grown to become the world's largest package distribution and courier company. UPS delivers approximately 15.6 million packages and documents a day, and more than 3 billion packages and documents annually throughout the United States and in more than 200 countries and territories on a worldwide basis. UPS employs more than 425,000 people around the globe. This growth is in significant part a result of the promotion of UPS goods, services and business in conjunction with the "Brown" trademarks. UPS spends tens of millions of dollars per year advertising its goods, services and businesses in association with these marks, including the famous marks "Brown" and "What Can Brown Do For You?" UPS has enjoyed exceptional sales and revenues as a result of such efforts. In 2006, UPS enjoyed annual sales in excess of $47 Billion.

**UPS Has Obtained Federal Registrations For Its "Brown" Trademarks To Confirm Its Exclusive Rights**

19.    UPS has obtained federal registrations for various "Brown" trademarks. On November 9, 2004, UPS obtained U.S. Trademark Registration No. 2,901,090 for the color Brown as used for transportation and delivery of personal property by air and motor vehicle. A copy of this registration is attached as Exhibit C. On January 27, 1998, UPS obtained U.S. Trademark Registration No. 2,131,693 for the color Brown as applied to vehicles used in

performing the services of motor vehicle transportation and delivery of personal property. A copy of this registration is attached as Exhibit D. On May 26, 1998, UPS obtained U.S. Registration No. 2,159,865 for the color Brown as applied to clothing for delivery of personal property by air, rail, boat, and motor vehicle. A copy of this registration is attached as Exhibit E. These registrations are valid, subsisting and unrevoked. These registrations are *prima facie* evidence of UPS' exclusive rights to use these marks in commerce in connection with the goods and services specified in each registration.

20.    UPS has obtained a federal registration for the famous word mark "Brown." Specifically, UPS obtained U.S. Trademark Registration No. 2,688,340 for the word "Brown" as used for transportation and delivery of personal property by air, rail, boat and motor vehicle. A copy of this registration is attached as Exhibit F. This registration is valid, subsisting and unrevoked. This registration is *prima facie* evidence of UPS' exclusive right to use the mark "Brown" in commerce in connection with the goods and services specified in the registration.

21.    UPS has obtained a federal registration for the famous slogan "What Can Brown Do For You?" Specifically, UPS obtained U.S. Trademark Registration No. 2,649,286 for "What Can Brown Do For You?" as used for transportation and delivery of personal property by air, mail, boat and motor vehicle. A copy of this registration is attached as Exhibit G. This registration is valid, subsisting and unrevoked. this registration is *prima facie* evidence of UPS' exclusive right to use this mark in commerce in connection with the goods and services specified in the registration.

22.    UPS has obtained U.S. Trademark Registration No. 2,695,245 for the mark "The Amazing Color Brown" as used for transportation and delivery of personal property by air, rail, boat and motor vehicle. A copy of this registration is attached as Exhibit H. This registration is

valid, subsisting and unrevoked. This registration is *prima facie* evidence of UPS' exclusive right to use this mark in commerce in connection with the goods and services specified in the registration.

23.     UPS has also used and applied for registration of the mark "Count on Brown" as used for advertising services in the field of transportation and delivery; business management services; business consulting services; mail sorting, handling and receiving services; preparing direct mail advertisements; providing automated registration, account information and award program point balance via a global computer network; telecommunications services, namely, electronic transmission of messages; facsimile and electronic message services, message delivery and sending services; services of transportation of messages, documents, data and other texts by electronic means; online document delivery via a global computer network; telecommunications services, namely, electronic transmission of messages; facsimile and electronic message services, message delivery and sending services; services of transportation of messages, documents, data and other texts by electronic means; online document delivery via a global computer network; and transportation and delivery of personal property by air, rail, boat and motor vehicle. This application was filed on October 26, 2004 and assigned application Serial No. 506,282. The foregoing federal registrations confirm UPS' exclusive rights in accordance with 15 U.S.C. §1056(b).

24.     Thus, UPS has used and promoted in interstate commerce, and has been at all times pertinent hereto, the owner of all right, title, and interest in and to a family of "Brown" trademarks, including the marks "Brown" and "What Can Brown Do For You?"

25.     As a result of their extensive and substantially exclusive use by UPS for a wide variety of businesses, services and goods, UPS' "Brown" trademarks have become strong

trademarks with goodwill of inestimable value to UPS. Two of the "Brown" trademarks, the mark "Brown" and the slogan "What Can Brown Do For You?" have become famous trademarks.

26.     The "Brown" trademarks have been used in a variety of trade channels, including channels related to the provision of legal services. For example, UPS is the exclusive delivery and package distribution company in the American Bar Association ("ABA") Member Advantage program.

27.     The "Brown" trademarks have been used with a wide variety of UPS goods, services and businesses, including transportation services, consulting services, financial services and professional services. The "Brown" trademarks identify and distinguish UPS's businesses, goods and services from those of others, and symbolize UPS' goodwill. The "Brown" trademarks, including the famous mark "Brown" and the famous slogan "What Can Brown Do For You?" are relied upon by the public to identify a UPS business, service and product.

## DEFENDANT'S UNLAWFUL CONDUCT

28.     Upon information and belief, Defendant is an individual offering legal services in New York, New Jersey, and Pennsylvania. Upon information and belief, Defendant maintains an office in New York, with a telephone number of (516) 770-2042.

29.     On June 12, 2006, Defendant filed with the United States Patent and Trademark Office application serial number 78/905, 978 (the "Application"), seeking to register the expression "See What Brown Can Do For You" for use in connection with "legal research; legal services; providing information relating to legal affairs." The Application was filed on an intent-to-use basis.

30.     UPS opposed issuance of any registration based upon the Application by initiating Opposition No. 91177634 in the United States Patent and Trademark Office. On Friday, March

14, 2008, Defendant informed UPS that this Opposition will conclude because Defendant is withdrawing his application.

31.     Upon information and belief, at some time after June 12, 2006, Defendant began to use the expression "See What Brown Can Do For You" in connection with his business services.

32.     On information and belief, before filing the Application, Defendant had knowledge of UPS' adoption and use of one or more of the "Brown" trademarks, and specifically, had knowledge of UPS' prior use of the famous slogan "What Can Brown Do For You".

33.     Defendant advertises his business services at a website located at http://www.sambrownlaw.com, and benefits financially from the advertisement for his services presented at this website.

34.     According to http://www.sambrownlaw.com, Defendant operates a "full service law firm" for New York, New Jersey, and Pennsylvania.  This website includes a Frequently Asked Questions section that gives legal advice and information for the jurisdictions of New York, New Jersey, and Pennsylvania.  Defendant's website further claims that, "We maintain flexible office hours, respond promptly to questions, and stay on top of changes in New Jersey, New York and Pennsylvania law."

35.     Defendant is using the expression "See What Brown Can Do For You" at http://www.sambrownlaw.com/.  A copy of screenshot showing such use is attached as Exhibit I.

36.     In addition, Defendant's website (http://www.sambrownlaw.com) uses the expression "Brown Engine" in conjunction with the expression "See what Brown Can Find for You" for a search function.

37.    Defendant's expression "See What Brown Can Do For You" so resembles UPS' famous slogan "What Can Brown Do For You?" that consumers are likely to be confused into wrongly believing that Defendant's services are affiliated, connected, sponsored or associated with UPS.

38.    Defendant's expression "See What Brown Can Do For You" so resembles UPS "Brown" trademarks, including the famous marks "Brown" and "What Can Brown Do For You?" that consumers are likely to be confused into wrongly believing that Defendant's services are affiliated, connected, sponsored or associated with UPS.

39.    Defendant's expression "Brown Engine" so resembles UPS' famous mark "Brown" that consumers are likely to be confused into wrongly believing that Defendant's services are affiliated, connected, sponsored or associated with UPS.

40.    Defendant's expression "Brown Engine" so resembles UPS' "Brown" trademarks, including the famous marks "Brown" and "What Can Brown Do For You?" that consumers are likely to be confused into wrongly believing that Defendant's services are affiliated, connected, sponsored or associated with UPS.

41.    Defendant's expression "What Can Brown Find For You" so resembles UPS' famous mark "What Can Brown Do For You?" that consumers are likely to be confused into wrongly believing that Defendant's services are affiliated, connected, sponsored or associated with UPS.

42.    Defendant's expression "What Can Brown Find For You" so resembles UPS "Brown" trademarks, including the famous marks "Brown" and "What Can Brown Do For You?" that consumers are likely to be confused into wrongly believing that Defendant's services are affiliated, connected, sponsored or associated with UPS.

43.    UPS has not authorized, sponsored, licensed, endorsed or approved Defendant's use of any of UPS' "Brown" trademarks.

44.    Defendant's services are neither associated with nor connected with UPS.

45.    UPS and Defendant offer goods and services to the public through similar channels of trade.

46.    UPS and Defendant advertise and market their respective businesses, goods and services in similar media.

47.    On information and belief, Defendant had knowledge of UPS' use of the famous slogan "What Can Brown Do For You?" before Defendant made actual use of the expression "See What Brown Can Do For You."

48.    On information and belief, Defendant had knowledge of UPS' use of one or more of the "Brown" trademarks before Defendant made first use of the expression "Brown Engine."

49.    On information and belief, Defendant had knowledge of UPS' use of the famous slogan "What Can Brown Do For You?" before Defendant made first use of the expression "See What Brown Can Find For You."

50.    On information and belief, Defendant intentionally adopted and used the expressions "See What Brown Can Do For You," Brown Engine" and "See What Brown Can Find For You" to misappropriate or "play on" the significant goodwill built by UPS in one or more of the "Brown" trademarks, including the famous mark "Brown" and the famous slogan "What Can Brown Do For You?"

51.    On information and belief, Defendant's use of the expressions "See What Brown Can Do For You", "Brown Engine" and "See What Brown Can Find For You" dilutes the distinctive quality of UPS' famous marks "Brown" and "What Can Brown Do For You?"

## COUNT I

### INFRINGEMENT OF REGISTERED SERVICE MARK
### IN VIOLATION OF SECTION 32 OF THE LANHAM ACT

52.    Plaintiff UPS repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1-51 of this Complaint.

53.    Defendant's willful, deliberate, and knowing use of the expression "See What Brown Can Do For You", "Brown Engine" and "See What Brown Can Find For You" in connection with Defendant's services constitutes use in commerce of a reproduction, counterfeit, copy or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, and/or advertising of services that is likely to cause confusion or mistake and to deceive consumers as to the source or origin of Defendant's services.

54.    Defendant's use of the expressions "See What Brown Can Do For You", "Brown Engine" and "See What Brown Can Find For You," as described above constitutes infringement of UPS's federally registered marks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

55.    The aforesaid acts of Defendant directly and proximately have caused and, without judicial intervention, will continue to cause UPS irreparable harm for which there is no adequate remedy at law and monetary damage in an amount to be determined by the trier of fact at trial.

## COUNT II

### FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
### IN VIOLATION OF SECTION 43(a) OF THE LANHAM ACT

56.    Plaintiff UPS repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1-55 of this Complaint.

57.    Defendant's use of the expressions "See What Brown Can Do For You", "Brown Engine", and "See What Brown Can Find For You" constitute use in commerce of a false or misleading designation of origin that is likely to deceive, to cause mistake, or to cause confusion by leading consumers into believing that Defendant has an affiliation with UPS, is sponsored or approved of by UPS, or is otherwise associated with or has obtained permission to use the marks of UPS.

58.    Each of the aforesaid acts of Defendant constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

59.    Each of the aforesaid acts of Defendant directly and proximately has caused and, without judicial intervention, will continue to cause UPS irreparable harm for which there is no adequate remedy at law and monetary damage in an amount to be determined by the trier of fact at trial.

## COUNT III

### DILUTION IN VIOLATION OF
### SECTION 43(C) OF THE LANHAM ACT

60.    Plaintiff UPS repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1-59 of this Complaint.

61.    Defendant's use of the expressions "See What Brown Can Do For You", "Brown Engine" and "See What Brown Can Find For You" has diluted and will continue to dilute the distinctive quality of UPS' famous marks "Brown" and "What Can Brown Do For You", with consequent damage to USP and the business and goodwill symbolized by said marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

62.    The aforesaid acts of Defendant each directly and proximately have caused irreparable harm and, without judicial intervention, will continue to cause UPS irreparable harm

for which there is no adequate remedy at law, and monetary damage in an amount to be determined by the trier of fact at trial.

## COUNT IV

## DILUTION IN VIOLATION OF NEW YORK STATUTE

63.     Plaintiff UPS repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1-62 of this Complaint.

64.     Defendant's use of the expressions "See What Brown Can Do For You", "Brown Engine" and "See What Brown Can Find For You" are likely to dilute the distinctiveness of the BROWN Marks, with consequent damage to UPS and the business and goodwill symbolized by said service mark, in violation of the New York Anti-Dilution Statute, N.Y. Gen. Bus. Law § 360-l.

65.     The aforesaid acts of Defendant each directly and proximately have caused and, without judicial intervention, will continue to cause UPS irreparable harm for which there is no adequate remedy at law, and monetary damage in an amount to be determined by the trier of fact at trial.

## COUNT V

## DECEPTIVE ACTS AND PRACTICES
## IN VIOLATION OF NEW YORK STATUTE

66.     Plaintiff UPS repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1-65 of this Complaint.

67.     The acts of Defendant as described above constitute deceptive acts and practices in violation of N.Y. Gen. Bus. Law §§ 349-350, and have been engaged in by Defendant intentionally, willfully, wantonly and maliciously, and without regard for the rights of UPS.

68.    The aforesaid acts of Defendant directly and proximately have caused and, without judicial intervention, will continue to cause UPS irreparable harm for which there is no adequate remedy at law and monetary damage in an amount to be determined at trial.

## COUNT VI

### NEW YORK COMMON LAW MISAPPROPRIATION

69.    Plaintiff UPS repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1-68 of this Complaint.

70.    The acts of Defendant as described above constitute misappropriation by Defendant to his own use and benefit of the valuable goodwill, reputation and business property of UPS, in violation of the common law of the State of New York.

71.    The aforesaid acts of Defendant directly and proximately have caused and, without judicial intervention, will continue to cause UPS irreparable harm for which there is no adequate remedy at law and monetary damage in an amount to be determined at trial.

## COUNT VII

### COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT IN VIOLATION OF NEW YORK STATE LAW

72.    Plaintiff UPS repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1-71 of this Complaint.

73.    The acts of Defendant as described above constitute service mark infringement and unfair competition in violation of UPS's rights under the common law of the State of New York.

74.    The aforesaid acts of Defendant directly and proximately have caused and, without judicial intervention, will continue to cause UPS irreparable harm for which there is no adequate remedy at law and monetary damage in an amount to be determined at trial.

## COUNT VIII

## UNFAIR COMPETITION AND
## MISAPPROPRIATION IN VIOLATION OF NEW JERSEY STATE LAW

75.     Plaintiff UPS repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1-74 of this Complaint.

76.     The acts of Defendants as described above constitute unfair competition and misappropriation by Defendants to their own use and benefit of the valuable name, brand, trademarks, reputation and goodwill of UPS, in violation of Title 56, Chapter 4, Article 1 of the New Jersey Permanent Statutes, New Jersey Permanent Statutes § 56:4-1.

77.     The aforesaid acts of Defendants directly and proximately have caused and, without judicial intervention, will continue to cause UPS irreparable harm for which there is no adequate remedy at law and monetary damage in an amount to be determined at trial.

## COUNT IX

## DILUTION IN VIOLATION OF
## NEW JERSEY STATE LAW

78.     Plaintiff UPS repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1-77 of this Complaint.

79.     Long prior to the acts complained of herein, UPS commenced use of the BROWN Trademarks in New Jersey, and has continuously used said marks for many years.

80.     As a result of the longstanding, widespread, continuous and extensive use of the BROWN Trademarks by UPS for the abovementioned goods and services, the BROWN Trademarks have become well and favorably known among consumers in the State of New Jersey.

81.     In connection with the foregoing use by UPS, the BROWN Trademarks have been widely publicized and are recognized in the State of New Jersey as being identified with

UPS. As a result of the foregoing longstanding, widespread, continuous and extensive use by UPS, the BROWN Trademarks are famous and distinctive within the meaning of Title 56, Chapter 3, Article 13.20 of the New Jersey Permanent Statutes, New Jersey Permanent Statutes § 56:3-13.20.

82.     Defendants' willful, deliberate and knowing use of the BROWN Trademarks in connection with the abovementioned services advertised and sold through the Internet website to consumers in the State of New Jersey, constitutes trademark dilution within the meaning of Title 56, Chapter 3, Article 13.20 of the New Jersey Permanent Statutes, New Jersey Permanent Statutes § 56:3-13.20.

83.     The aforesaid acts of Defendants directly and proximately have caused and, without judicial intervention, will continue to cause UPS irreparable harm for which there is no adequate remedy at law and monetary damage in an amount to be determined at trial.

## COUNT X

## NEW JERSEY COMMON LAW MISAPPROPRIATION

84.     Plaintiff UPS repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1-83 of this Complaint.

85.     The acts of Defendant as described above constitute misappropriation by Defendant to his own use and benefit of the valuable goodwill, reputation and business property of UPS, in violation of the common law of the State of New Jersey.

86.     The aforesaid acts of Defendant directly and proximately have caused and, without judicial intervention, will continue to cause UPS irreparable harm for which there is no adequate remedy at law and monetary damage in an amount to be determined at trial.

## COUNT XI

## DILUTION IN VIOLATION OF PENNSYLVANIA STATE LAW

87.    Plaintiff UPS repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1-86 of this Complaint.

88.    Long prior to the acts complained of herein, UPS commenced use of the BROWN Trademarks in Pennsylvania, and has continuously used said marks for many years.

89.    As a result of the longstanding, widespread, continuous and extensive use of the BROWN Trademarks by UPS for the abovementioned goods and services, the BROWN Trademarks have become well and favorably known among consumers in the State of Pennsylvania.

90.    In connection with the foregoing use by UPS, the BROWN Trademarks have been widely publicized and are recognized in the State of Pennsylvania as being identified with UPS. As a result of the foregoing longstanding, widespread, continuous and extensive use by UPS, the BROWN Trademarks are famous and distinctive within the meaning of Title 54, Section 1124 of the Pennsylvania Consolidated Statutes, 54 PA C.S. § 1124.

91.    Defendants' willful, deliberate and knowing use of the BROWN Trademarks in connection with the abovementioned services advertised and sold through the Internet website to consumers in the State of Pennsylvania, constitutes trademark dilution within the meaning of Title 54, Section 1124 of the Pennsylvania Consolidated Statutes, 54 PA C.S. § 1124.

92.    The aforesaid acts of Defendants directly and proximately have caused and, without judicial intervention, will continue to cause UPS irreparable harm for which there is no adequate remedy at law and monetary damage in an amount to be determined at trial.

**COUNT XII**

**PENNSYLVANIA COMMON LAW MISAPPROPRIATION**

93.    Plaintiff UPS repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1-92 of this Complaint.

94.    The acts of Defendant as described above constitute misappropriation by Defendant to his own use and benefit of the valuable goodwill, reputation and business property of UPS, in violation of the common law of the State of Pennsylvania.

95.    The aforesaid acts of Defendant directly and proximately have caused and, without judicial intervention, will continue to cause UPS irreparable harm for which there is no adequate remedy at law and monetary damage in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, by virtue of the unlawful conduct of Defendant as alleged in this Complaint, Plaintiff UPS respectfully prays that:

(1)    The Court enter judgment that Defendant has

(a)    infringed UPS's rights in and to the BROWN Marks in violation of 15 U.S.C. § 1114(1);

(b)    used false designations of origin and competed unfairly with UPS in violation of 15 U.S.C. § 1125(a);

(c)    injured UPS's business reputation and diluted the distinctive quality of the BROWN Marks in violation of federal and New York, New Jersey, and Pennsylvania state dilution statutes;

(d)    unfairly competed with and otherwise injured UPS;

(e)    misappropriated the valuable goodwill, reputation, and business property of UPS, in violation of the common law of the States of New York, New Jersey, and Pennsylvania; and

(f)    infringed UPS's rights in and to its trademarks and service marks, and unfairly competed with and otherwise injured UPS, in violation of UPS's rights under the common law of the States of New York, New Jersey, and Pennsylvania;

(2)    The Court enter a judgment preliminarily and  permanently enjoining and restraining Defendant and each of his agents, employees, servants, attorneys, successors and assigns, and all others in active concert or participation with Defendant, from using each of the expressions "See What Brown Can Do For You", Brown Engine", and "See What Brown Can

Find For You", or any mark confusingly similar to any BROWN Marks, in advertising or as part of his corporate or trade name, domain names, web sites, or otherwise in connection with Defendant's services;

(3)    The Court enter a judgment ordering Defendant, his agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with Defendant, to take affirmative steps to dispel the false impressions that heretofore have been created by Defendant's use of the expressions "See What Brown Can Do For You", "Brown Engine", and "See What Brown Can Find For You" and formatives and variations thereof;

(4)    The Court enter a judgment ordering Defendant to file with this Court and to serve on UPS within thirty (30) days after the entry of the judgment herein a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the foregoing injunctions;

(5)    The Court enter a judgment awarding UPS (i) Defendant's profits, (ii) UPS's damages, which amount may be trebled by the Court, and (iii) the costs of the action, pursuant to 15 U.S.C. § 1117(a) and New York statutory and common law;

(6)    The Court enter a judgment ordering Defendant to pay UPS's costs and reasonable attorney's fees in a sum and manner deemed appropriate by this Court based on the deliberate and willful acts of Defendant pursuant to 15 U.S.C. § 1117(a) and the laws of the State of New York;

(7)    The Court enter a judgment awarding UPS punitive damages pursuant to the law of the State of New York in view of Defendant's intentional and willful trademark and service mark infringement; and

(8)     The Court grant UPS such other and further relief as this Court deems just, proper, and equitable.

Respectfully submitted, this 19th day of March, 2008.

KING & SPALDING LLP


Ethan Horwitz (EH - 7152)
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556-2100
Facsimile:  (212) 556-2222
ehorwitz@kslaw.com


Of Counsel:
Stephen M. Schaetzel
Elizabeth M. Fox
1180 Peachtree Street
Atlanta, Georgia 30309
Telephone:  (404) 572-4600
Facsimile:  (404) 572-5100

Attorneys for Plaintiff
UNITED PARCEL SERVICE OF AMERICA,
INC.

# EXHIBIT A



# EXHIBIT B

# YOUR SMALL BUSINESS w/UPS

STEP 1:



STEP 2:


STEP 3:


You've always dreamed about owning your own shop. With a small business loan from UPS Capital™ you could be hanging an "open" sign on the front door in no time. Imagine that.

Find out more at ups.com/whiteboard

WHAT CAN BROWN DO FOR YOU?®



# EXHIBIT C

Int. Cl.: 39

Prior U.S. Cls.: 100 and 105

United States Patent and Trademark Office

Reg. No. 2,901,090
Registered Nov. 9, 2004

## SERVICE MARK
### PRINCIPAL REGISTER



UNITED PARCEL SERVICE OF AMERICA, INC. (DELAWARE CORPORATION)
55 GLENLAKE PARKWAY, NE
ATLANTA, GA 30328

FOR: TRANSPORTATION AND DELIVERY OF PERSONAL PROPERTY BY AIR AND MOTOR VEHICLE, IN CLASS 39 (U.S. CLS. 100 AND 105).

FIRST USE 0-0-1920; IN COMMERCE 0-0-1920.

OWNER OF U.S. REG. NOS. 2,131,693 AND 2,159,865.

THE DRAWING IS LINED FOR THE COLOR BROWN.

THE MARK CONSISTS OF THE COLOR CHOCOLATE BROWN, WHICH IS THE APPROXIMATE EQUIVALENT OF PANTONE MATCHING SYSTEM 462C, AS APPLIED TO THE ENTIRE SURFACE OF VEHICLES AND UNIFORMS. THE MARK CONSISTS OF THE COLOR BROWN ALONE. THE BROKEN LINES INDICATE THE POSITION OF THE MARK AND DO NOT FORM PART OF THE MARK.

SEC. 2(F).

SER. NO. 76-408,109, FILED 6-20-2002.

TERESA M. RUPP, EXAMINING ATTORNEY

# EXHIBIT D

Int. Cl.: 39

Prior U.S. Cls.: 100 and 105

**United States Patent and Trademark Office**

Reg. No. 2,131,693

Registered Jan. 27, 1998

## SERVICE MARK
### PRINCIPAL REGISTER



UNITED PARCEL SERVICE OF AMERICA, INC. (DELAWARE CORPORATION)
55 GLENLAKE PARKWAY, NE
ATLANTA, GA 30328

FOR: MOTOR VEHICLE TRANSPORTATION AND DELIVERY OF PERSONAL PROPERTY, IN CLASS 39 (U.S. CLS. 100 AND 105).
FIRST USE 0–0–1917; IN COMMERCE 0–0–1917.

THE DRAWING IS LINED FOR THE COLOR BROWN.
THE MARK CONSISTS OF THE COLOR BROWN APPLIED TO THE VEHICLES USED IN PERFORMING THE SERVICES.
SEC. 2(F).

SER. NO. 75–039,323, FILED 12–26–1995.

TERESA M. RUPP, EXAMINING ATTORNEY

# EXHIBIT E

Int. Cl.: 39

Prior U.S. Cls.: 100 and 105

**United States Patent and Trademark Office**

Reg. No. 2,159,865
Registered May 26, 1998

## SERVICE MARK
### PRINCIPAL REGISTER



UNITED PARCEL SERVICE OF AMERICA, INC. (DELAWARE CORPORATION)
55 GLENLAKE PARKWAY, NE
ATLANTA, GA 30328

FOR: DELIVERY OF PERSONAL PROPERTY BY AIR, RAIL, BOAT AND MOTOR VEHICLE, IN CLASS 39 (U.S. CLS. 100 AND 105).

FIRST USE 0-0-1920; IN COMMERCE 0-0-1920.

THE DRAWING IS LINED FOR THE COLOR BROWN.

THE MARK CONSISTS OF THE COLOR BROWN WHICH IS APPLIED TO THE CLOTHING. THE MATTER SHOWN IN THE DRAWING IN BROKEN LINES SERVES TO SHOW POSITIONING OF THE MARK AND NO CLAIM IS MADE TO THE CONFIGURATION OF THE UNIFORM.

SEC. 2(F).

SER. NO. 75-065,911, FILED 3-1-1996.

TERESA M. RUPP, EXAMINING ATTORNEY

# EXHIBIT F

Int. Cl.: 39

Prior U.S. Cls.: 100 and 105

**United States Patent and Trademark Office**

Reg. No. 2,688,340

Registered Feb. 18, 2003

## SERVICE MARK
### PRINCIPAL REGISTER

## BROWN

UNITED PARCEL SERVICE OF AMERICA, INC.
   (DELAWARE CORPORATION)
55 GLENLAKE PARKWAY, NE
ATLANTA, GA 30328

   FOR: TRANSPORTATION AND DELIVERY OF
PERSONAL PROPERTY BY AIR, RAIL, BOAT AND
MOTOR VEHICLE, IN CLASS 39 (U.S. CLS. 100 AND
105).

FIRST USE 3-15-2002; IN COMMERCE 3-15-2002.

SER. NO. 76-377,157, FILED 3-1-2002.

MICHAEL KEATING, EXAMINING ATTORNEY

# EXHIBIT G

Int. Cl.: 39

Prior U.S. Cls.: 100 and 105

United States Patent and Trademark Office

Reg. No. 2,649,286
Registered Nov. 12, 2002

## SERVICE MARK
### PRINCIPAL REGISTER

# WHAT CAN BROWN DO FOR YOU?

UNITED PARCEL SERVICE OF AMERICA, INC.
 (DELAWARE CORPORATION)
55 GLENLAKE PARKWAY, NE
ATLANTA, GA 30328

 FOR: TRANSPORTATION AND DELIVERY OF
PERSONAL PROPERTY BY AIR, RAIL, BOAT AND
MOTOR VEHICLE, IN CLASS 39 (U.S. CLS. 100 AND
105).

FIRST USE 2-7-2002; IN COMMERCE 2-7-2002.

SER. NO. 76-362,315, FILED 1-24-2002.

MICHAEL KEATING, EXAMINING ATTORNEY

# EXHIBIT H

Int. Cl.: 39

Prior U.S. Cls.: 100 and 105

Reg. No. 2,695,245

## United States Patent and Trademark Office

Registered Mar. 11, 2003

### SERVICE MARK
### PRINCIPAL REGISTER

## THE AMAZING COLOR BROWN

UNITED PARCEL SERVICE OF AMERICA, INC.
 (DELAWARE CORPORATION)
55 GLENLAKE PARKWAY, NE
ATLANTA, GA 30328

FOR: TRANSPORTATION AND DELIVERY OF
PERSONAL PROPERTY BY AIR, RAIL, BOAT AND
MOTOR VEHICLE, IN CLASS 39 (U.S. CLS. 100 AND
105).

FIRST USE 2-7-2002; IN COMMERCE 2-7-2002.

SER. NO. 76-377,165, FILED 3-1-2002.

MICHAEL KEATING, EXAMINING ATTORNEY

# EXHIBIT I

Law Offices of Samuel Z. Brown



LAW OFFICES OF
SAMUEL Z. BROWN
A FULL SERVICE LAW FIRM
NJ • NY • PA

HOME | LEGAL SERVICES | FIRM PROFILE | EMPLOYMENT | LAW LINKS | FAQ'S | CONTACT

ENGLISH  SPANISH

Full JUSTICE Our PROMISE TO YOU.

AREAS OF
PRACTICE
- Real Estate & Business
- Personal Injury & Medical Malpractice
- Trusts & Estates
- General Litigation

:: Law Links

Here at the Law Offices of Samuel Z. Brown PC we are not only committed to providing our clients with the best possible service, but we are also committed to educating our clients about the law.

To this end, we have gathered the best web sites available from the legal community and put them together for you. Here you can access local, state, federal and international sources of legal information. You can search through codes, regulations, case law, historical documents and much more!

Plus you can do much more from this page

- Job seekers can search for a job in the legal profession.
- Students can access information on law school, the bar exam, and even outlines!
- You can sign up for FREE e-mail accounts or build a FREE web page

Want to search all these sites at once for your specific question? Use the BROWN ENGINE, the legal search engine that we compiled with only the best in legal sources.

See what Brown Can Find for You!    [Search]

I.   Search Engines

II.  State Legal Reference

III. Nationwide Legal Reference

CALL US TODAY
732.370.3000

FREE CASE APPRAISAL

Name:
Phone:
Email:
Message:

[Submit]

Law Offices of
Samuel Z. Brown, Esq.
205 E. Kennedy Blvd.
Lakewood, NJ 08701

732.370.3000

A Full Service Law Firm
NJ • NY • PA

http://www.sambrownlaw.com/lawlinks.html

Law Offices of Samuel Z. Brown

IV.   State Courts and Agencies

V.    Nationwide Courts and Agencies

VI.   Libraries and Archives

VII.  State Professional Associations

VIII. Nationwide Professional Associations

IX.   State Records and Reference

X.    Nationwide Records and Reference

XI.   Practice Area Sites

XII.  Local Links

We are always looking for new sites. Let us know if you have a site you think we should add.

**"SEE WHAT BROWN CAN DO FOR YOU"**

Home | Legal Services | Contact | Directions | FAQ's | Law Links | Employment | Firm Profile | Results | Privacy Policy | Site Map

Law Offices of Samuel Z. Brown
205 E. Kennedy Blvd • Lakewood, NJ 08701

©2007 Samuel Z. Brown Law Firm.